# NO. 12-24-00163-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CAMDEN DESEAN SANDERS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 19TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *MCLENNAN COUNTY, TEXAS* |

## MEMORANDUM OPINION
## PER CURIAM

Camden Desean Sanders appeals his conviction for evading arrest or detention with a vehicle.[1] Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was indicted for evading arrest or detention with a vehicle.[2] On April 4, 2022, Appellant initially accepted a plea agreement for deferred adjudication community supervision for a two-year period and a fine to be determined by the trial court. Because Appellant later sought to contest the charge against him, the trial court rejected the plea agreement, Appellant withdrew his "guilty" plea, and the case was set for trial.

---

[1] This case was transferred to this Court from the Tenth Court of Appeals in Waco, Texas, pursuant to a docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2023).

[2] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016).

Appellant later pled "guilty" to the lesser included offense of evading arrest or detention, a Class A misdemeanor, in exchange for a recommendation of deferred adjudication community supervision for one year and no fine. On August 25, 2023, the trial court accepted the plea and placed Appellant on community supervision in accordance with the recommendation.

On January 29, 2024, the State filed a motion to adjudicate Appellant's guilt, alleging ten violations of the terms of his community supervision, and subsequently filed an amended motion alleging eleven total violations. At the hearing, Appellant pleaded "true" to all eleven allegations in the State's motion. Accordingly, the trial court adjudicated Appellant's guilt, found the allegations in the State's motion to be "true," found him guilty of the Class A misdemeanor offense of evading arrest or detention, revoked his community supervision, and sentenced him to 365 days of confinement in the McLennan County Jail with no fine. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that he reviewed the record and found no reversible points of error to argue on appeal. In compliance with ***High v. State***, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief contains a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3]

We conducted an independent review of the record in this case and found no reversible error. *See id.* We conclude that the appeal is wholly frivolous. *See id.*

## CONCLUSION

As required by ***Anders*** and ***Stafford v. State***, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also* ***In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant counsel's motion for leave to withdraw and affirm the trial court's judgment.

---

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* ***Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired, and no pro se brief was filed.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 9, 2024**

**NO. 12-24-00163-CR**

**CAMDEN DESEAN SANDERS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 19th District Court
of McLennan County, Texas (Tr.Ct.No. 2020-923-C1)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*